**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| In re:Joseph W Sneed | ) Judge Timothy A. Barnes |
| Debtor(s) | ) |
| _____ | ) |
| Hassan Muhammad | ) Adversary Case No. 14-00098 |
| v. | ) |
| Joseph W Sneed | ) Related to Bankrupty Case 14-01361 |

**PRE-TRIAL STATEMENT**

In accordance with the Final Pretrial Order issued in this case on July 20, 2015, the parties hereto submit the following joint pre-trial statement.

**PLAINTIFF'S THEORY OF THE CASE**

The debt defendant Sneed has was derived through fraud. Defendant Sneed proposed settlement agreement was no more than a continuation and an extension of his fraud and false representation. Defendant Sneed's representations in connection to his Chapter 13 bankruptcy Petition and Statement of Financial Affairs are false, fraudulent and conceals his income.

**DEFENDANT'S THEORY OF THE CASE**

Defendant Sneed entered into an agreement with Plaintiff Muhammad providing that both parties would refurbish the real property located at 4852 S. Ashland Ave., Chicago, IL and that both Sneed and Muhammad would be equal owners. Do to their relationship being a close one there was no written agreement. Defendant was unable to refinance the property and contracted with TIB Services, Inc., a company owned by plaintiff's spouse, for supplies and labor in order to renovate the property. After a disagreement about the operation of the convenience store on the first floor of the property, the agents of the defendant illegally locked out the plaintiff from the property. Plaintiff filed numerous lawsuits and an agreed order was entered setting out the parties respective rights and interests in the property, including that defendant owed plaintiff $30,000.00 for the contract for supplies and services. Defendant was also found liable for the wrongful lockout and failure to rectify the situation. The amount remained largely unpaid at the

time the defendant filed the Chapter 13 case. Ultimately, the case was confirmed and the confirmed plan provides for a dividend to unsecured creditors of 100% Defendant regards the transaction for the supplies and services and the monetary damages he owes for the wrongul lockout as an ordinary debt he owes to plaintiff, but not a debt which should be found to be non-dischargeable under Section 523 (a)(2)(A) of the Bankruptcy Code.

## STIPULATED FACTS

1.  Hassan A. Muhammad (hereinafter "plaintiff") is an individual who at all times relevant herein has been a resident of the City of Chicago, County of Cook, and State of Illinois.

2.  Joseph W. Sneed, Jr. (hereinafter "defendant") is an individual who at all times relevant herein has been a resident of the City of Chicago, County of Cook, and State of Illinois.

3.  On or about March of 1991, plaintiff and defendant met and became friends.

4.  Plaintiff and defendant worked together on and assisted each other with regards to various business opportunities, including the purchase, renovation and sale of many parcels of real estate.

5.  In March of 2006, defendant Sneed informed plaintiff Muhammad that he had purchased a parcel of real estate located at what is now known as 4852 S. Ashland Ave., Chicago, IL (hereinafter "the property"), and that he was the sole owner of the property.

6.  The property was vacant, rat infested and did not have proper functioning heating, electrical or plumbing systems.

7.  In July of 2006, defendant offered plaintiff half ownership in the property on the condition that they would refurbish the property as co-owners, which they did.

8. . During the period 2007-2009, defendant sought financing to renovate the property, attempting to obtain a combined refinancing that included the property on Ashland and another mixed use property at 2335 W. Lake St. in Chicago, that included a 100 seat commercial soul food restaurant and a six unit building.

9. Plaintiff donated a property located at 321 N. Mason in Chicago to Concerned Citizens, Inc., a not for profit corporation of which plaintiff was executive director.

10. The property at 321 N. Mason in Chicago was free and clear of any liens.

11. Defendant's efforts to finance the Ashland property during this time period failed.

12. In March of 2006, the defendant, the plaintiff and their respective mothers, Annie Sneed and Aszie Simpson, got together and formed a corporation called "4852 S. Ashland, Inc." (the corporation), which was owned equally by Annie Sneed and Aszie Simpson.

13. In August of 2011, Aszie Simpson suffered a seizure which caused her to go into a coma from which she never awoke, and she died on March 13, 2012.

14. By her last will and testament, Aszie Simpson bequeathed her 50% ownership and interest in the corporation to the plaintiff.

15. In March of 2007 defendant contracted with Mary Bailey, the wife of the plaintiff and owner of a construction business, TIB Services, Inc., for the purchase of some construction materials and labor to renovate the property at 4852 S. Ashland.

16. Work on the Ashland property was performed by the plaintiff, the defendant, and parties under the direction of the plaintiff and the defendant.

17. On or about January 15, 2008, Maria Bailey on behalf of TIB Services, Inc. filed and recorded a $78,000.00 lien against the property.

18. Defendant never recorded a quit claim deed transferring 50% ownership in the property to the plaintiff.

19. From 2007 through 2012, the plaintiff was associated with the following businesses which were located and conducting business from 4852 S. Ashland Avenue, Chicago, IL: a) Great Finishes, Inc.; 2) Mother's Touch Home Health; 3) Master's Medical Billing; 4) TIB Services, Inc.; 5) A&H Caring Connections, Inc., Inc.; 6) The Law Office of Raymond J. Sanders; 7) The Law Office of Emmit Marshall; and 7) 4852 S. Ashland, Inc.

20. In September of 2012, defendant suffered injuries, including two broken legs, from being hit by a car and was bedridden for several months.

21. In November of 2012, plaintiff was locked out of and ejected from the property by Sneed's family and agents.

22. Subsequently, plaintiff filed several court actions against the defendant and others in the Circuit Court of Cook County.

23. On December 5, 2012, in Case Number 12 CH 42455, <u>Mother's Touch Home Care, Inc. v Park National Bank, Trust #OP 13394, Joseph Sneed as Trust Beneficiary, and Unknown Agents</u> the court issued and ex parte temporary restraining order and found that defendants had unlawfully locked out, evicted and ejected plaintiff in violation of state law.

24. On June 6, 2013, in the aforementioned case, defendants admitted that they took self-help steps to evict plaintiff in violation of the Illinois Forcible Detainer Act.

25. In case number 12 L 066076, <u>Hassan Muhammad v Joseph Sneed and Annie Sneed</u>, plaintiff alleged that defendant Joseph Sneed commited fraud and deceptive practices against Hassan Muhammad.

26. Case Number 12 L 066076, <u>Hassan Muhammad v Joseph Sneed and Annie Sneed</u>, went to trial on September 24, 2013.

27. The same day, an Agreed Order was entered providing among other things that defendant Joseph Sneed would transfer 50% ownership in the property to the plaintiff by October 15, 2013 and that defendant would be responsible for one half of the $78,000.00 mechanics lien.

28. On September 30, 2013, through binding arbitration in the case, the $78,000.00 mechanic's lien was reduced to $60,000.00, making defendant responsible for $30,000.00 of the debt.

29. Pursuant to the order, plaintiff withdrew his other various complaints against defendant.

30. On October 15, 2013 and November 25, 2013, the state court judge sanctioned defendant $1,000.00 on each date for his failure to comply with the agreed order entered on September 24, 2013.

31. On November 5, 2013, the state court judge found defendant liable in the amount of $5,219.00 for the wrongful ejectment and eviction of plaintiff from the property.

32. Pursuant to an October 3, 2013 state court order, defendant Sneed was to provide plaintiff with unfettered access to the entire 4852 S. Ashland property.

33. Defendant filed his Chapter 13 Bankruptcy petition (Case No. 14-01361) on January 17, 2014.

34. Plaintiff filed his proof of claim in the aforementioned Chapter 13 case on February 10, 2014.

35. In the Statement of Financial Affairs that defendant originally filed, in response to number 18 he failed to list any information pertaining to businesses that he owns.

36. In the original filing, defendant made reference to his business interests in Schedule B.

37. Subsequent to the filing, the defendant amended his Statement of Financial Affairs to include reference to the businesses as required by number 18 of the SOFA.

38. Defendant's Chapter 13 plan dated April 28, 2014 was confirmed by the Court on July 28, 2014.

39. Defendant's confirmed plan provides for a dividend to unsecured creditors of 100%.

## DISPUTED MATERIAL FACTS

1. Defendant offered to sell a half interest in the property at 4852 S. Ashland, Chicago, IL for $100,000.00, with $40,000.00 down and the remainder to be paid when the property was sold.

2. On July 17, 2006, plaintiff's wife, Maria Bailey paid to defendant $40,000.00 as a down payment for the 50% interest in the property.

3. On or about October 25, 2006 defendant presented plaintiff with a letter of direction and quit claim deed directing Cosmopolitan Bank to name the plaintiff a 50% beneficiary and owner of trust number OP 13394, which he stated he had filed and recorded.

4. Real estate located at 321 N. Mason, Chicago, IL was used as collateral in an attempt to secure a loan to renovate the property at 4852 S. Ashland Ave. as well as real estate located at 2333 W. Lake St. in Chicago.

5. Defendant's attempts to refinance the two properties failed because he could not account for a $500,000.00 renovation loan from Rothschild Banking Banking which he had obtained to renovate the 2333 W. Lake St. property.

6. In March of 2007, defendant contracted with Maria Bailey and her construction business , TIB Services, Inc. for $51,000.00 for the purchase of construction materials and labor, with the promise to pay the amount due under the contract upon the refinancing of the 4852 S. Ashland property or within eighteen months of the date of the contract, whichever came first.

7. Also in March of 2007, defendant purchased an additional $27,000.00 in construction materials and labor from TIB Services, Inc.

8. In January of 2008, defendant, plaintiff and Maria Bailey met at the 4852 S. Ashland property, at which time defendant inspected the premises and confirmed that the work performed by TIB Services, Inc. was completed satisfactorily.

9. In January 2008, Maria Bailey on her own behalf and on behalf of TIB Services, Inc. assigned her interest to the property and the interest of TIB Services, Inc. to plaintiff.

10. In January 2008, the plaintiff relocated or incorporated approximately ten businesses at the property.

11. In March of 2012, plaintiff discovered that defendant had not recorded a quit claim deed transferring 50% ownership in the property to the plaintiff.

12. Upon this discovery, plaintiff confronted defendant with his discovery, and defendant stated that "there must be some mistake".

13. From March 2012 through November 19, 2012 plaintiff continuously asked defendant to resolve the ownership issue, but defendant was evasive and avoided plaintiff.

14. On November 20, 2012, defendant locked out, evicted and ejected plaintiff from the property.

15. Beginning in October 2006 and continuing until March 2012, plaintiff believed and relied

upon defendant's false representations that he transferred 50% of the beneficial ownership in the 4852 S. Ashland property to plaintiff.

16. Plaintiff has been damaged in the amount of $40,000.00 for the purchase of the property; damaged in the amount of $78,000 expended to renovate the property and for the value of his labor developing the property.

17. On September 24, 2013, during the trial in the case of <u>Hassan Muhammad v Joseph Sneed</u>, defendant proposed settlement terms.

18. Among the terms of the settlement were that defendant Joseph Sneed would provide an accounting to the plaintiff with regard to the corporation and business, 4852 S. Ashland, Inc. d/b/a Ashland Convenience Food and Liquors.

19. The judgment of $37,219.00 that was entered against defendant was as a result of his fraudulent conduct and false representations.

20. In his bankruptcy filing, defendant knowingly provided false information to conceal his income and his assets.

21. Defendant intentionally concealed information regarding businesses which he owned, namely Nacional Security Group, Sneed & Associates Detective Agency, Inc., Sneed Group and/or Sneed & Associates, and Illinois Conceal and Carry Academy, Inc.

22. Defendant intentionally concealed information concerning the value of the 4852 S. Ashland property.

23. Defendant knowingly conceals that he earns rental income from the second floor of the 4852 S. Ashland property.

24. Defendant Sneed knowingly conceals that he is obtaining rental income from the current liquor business operating on the first floor of the 4852 S. Ashland property.

## PLAINTIFF'S LIST OF WITNESSES

1. Hassan A. Muhammad-Plaintiff.

2. Shelton White-will testify as to his knowledge regarding ownership of the property at 4852 S. Ashland, Chicago, IL (" the property"), the understanding between the parties and the work he performed on the property.

3. Maria Bailey-spouse of plaintiff.

4. Dorothy Jones-Retired Cook County Judge will testify to her knowledge regarding the ownership of the property and understanding between the parties.

5. Birl F. Madden, Jr.-Retired City of Chicago police officer.

6. Misty Lenon-will testify as to her knowledge regarding the ownership of the property and understanding between the parties.

7. Alice Jackson-will testify as to her knowlege regarding ownership of the property and understanding between the parties.

8. Mazell Lenon-will testify as to her knowledge regarding the ownership of the property and understanding between the parties.

9. Birl F. Madden, III-will testify as to his knowledge regarding the ownership of the property, understanding between the parties and the work he performed on the property.

10. Joseph W. Sneed-Defendant.

Defendant has no objections to plaintiff's list of witnesses but reserves the right to object to any questions which do not comport with the rules of evidence.

## PLAINTIFF'S LIST OF EXHIBITS

1. 4852 S. Ashland, Inc., Articles of Incorporation.

2. Lease dated November 14, 2006.

3. March 15, 2007 TIB Services sale of material to Joseph Sneed for $17,000.00.

Sneed objects to Exhibit 3 (and Exhibits 6, 7, 8, and 9) It appears Plaintiff is trying to demonstrate he is owed more than $30,000 for labor and materials furnished by TIB Services. A court has already determined he's entitled to $30,000 and that sum is all that was alleged in Plaintiff's proof of claim. Plaintiff should be estopped from asserting anything to contrary.

4. Letter dated July 19, 2007 from Joseph Sneed to State of Illinois Dept. of Revenue.

5. July 3, 2007 summary appraisal report.

6. Hassan Muhammad's payroff of lien-October 31, 2007.

Sneed objects for the reasons stated in response to Exhibit 3 above.

7. TIB Services and Joseph Sneed's accepted contract in the amount of $27,700.00 -December 27, 2007.

8. TIB Services and Joseph Sneed review and approval of $34,000.00 .00 in services-January 15, 2008.

9. TIB Services and Joseph Sneed review and approval of $27,700.00 in services, January 15, 2008.

10. City of Chicago Business License issued to A&H Caring Connections-November 29, 2007.

11. December 17, 2007 IRS letter-For Masters Medical Billing.

12. Concerned Citizens, Board Resolution-permitting 321 N. Mason as collateral.

13. State of Illinois Business license issued to Mother's Touch Home Health.

14. Letter from IRS to Great Finishes, Inc./Hassan Muhammad.

15. Citation to discover assets to a third party-Medicare-Raymond J. Sanders.

16. City of Chicago Police report dated November 21, 2012.

17. Order of the Court-TRO-December 5, 2012.

18. City of Chicago Police report dated December 6, 2012.

19. Hassan Muhammad's complaint against Joseph Sneed alleging fraud and deceptive practices.

20. Order of the Court-June 6, 2013.

21. Order of the Court-July 9, 2013.

22. Order of the Court-Agreed order-September 24, 2013.

23. Order of the Court-Agreed order-September 30, 2013.

24. Order of the Court-sanctioning Joseph Sneed, $1,000.00 for violation of the settlement agreement October 23, 2013.

25. Order of the Court-sanctioning Joseph Sneed, $1,000.00 for violation of the settlement agreement November 25, 2013.

26. Order of the Court-Finding Joseph Sneed liable and setting damages-November 5, 2013.

### DEFENDANT'S LIST OF WITNESSES

1. Joseph W. Sneed-Defendant-will testify generally as to his relationship with the plaintiff, both personal and business, and to their business dealings with regard to the property.

2. Annie Sneed-Ms. Sneed will testify to the general business relationship between Plaintiff and Defendant. She will also testify about business dealings at 4852 S. Ashland especially while Joseph Sneed was hospitalized in 2012.

### DEFENDANT'S LIST OF EXHIBITS

1. Bankruptcy Schedule A-filed January 17, 2014.

2. Bankruptcy Schedule B-filed January 17, 2014.

3. Proof of claim of Hassan A. Muhammad filed February 10, 2014.

4. Amended Statement of Financial Affairs-filed April 15, 2014.

5. Amended Schedule A filed April 15, 2014.

6. Amended Schedule B filed Aptil 15, 2014.

7. Amended Chapter 13 plan filed April 28, 2014.

8. July 28, 2014 Bankruptcy Court order confirming amended Chapter 13 plan dated April 28, 2014.

9. Trustee's report entitled Case Profile-reflects amounts paid in and amount of any default.

2. Bankruptcy Schedule B-filed January 17, 2014.

3. Proof of claim of Hassan A. Muhammad filed February 10, 2014.

4. Amended Statement of Financial Affairs-filed April 15, 2014.

5. Amended Schedule A filed April 15, 2014.

6. Amended Schedule B filed April 15, 2014.

7. Amended Chapter 13 plan filed April 28, 2014.

8. July 28, 2014 Bankruptcy Court order confirming amended Chapter 13 plan dated April 28, 2014.

9. Trustee's report entitled Case Profile-reflects amounts paid in and amount of any default.

10. Trustee's report entitled Payee Summary-reflects amounts paid to date to all creditors.

Submitted September 8, 2015

*Hassan A. Muhammad*
Hassan A. Muhammad, Plaintiff pro se

*Brian C. Pedersen*
Brian C. Pedersen, one of the attorneys
for Joseph W. Sneed, Defendant

Robert J. Adams & Associates - 901 W Jackson St, Suite 202 Chicago, IL 60607    Phone: 312.346.0100